Anton Ewing (NOT AN ATTORNEY)
3077 B Clairemont Drive #372
San Diego, CA 92117

Plaintiff In *Pro Per*

**FILED**

Sep 21 2020

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
BY _____ s/ vanessac _____ DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, | Civil Case No. **'20 CV 1873 AJB  BLM** |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)] |
| Synergy Finance, LLC, a Wyoming | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| Limited Liability Company; | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 (c)] |
| Ryan Smith, an individual, | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| Defendants. | 5. VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT [PC §632.7 §637.2] |
| | **JURY TRIAL REQUESTED** |

20 CV

Plaintiff Anton Ewing ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.    On or about June 1, 2020, the Southern District of California Federal District Court modified, amended and otherwise changed Civil Local Rule 83.3 to read as what is now Local Rule 2.1.

2.    In Local Rule 2.1 it states: "We-- judges, lawyers, court staff, parties—all have a responsibility in ensuring that we preserve the legacy of this institution by conducting ourselves according to the Golden Rule—to treat others as we ourselves would like to be treated."

3.    The federal judges of the Southern District stated in LR 2.1 that "[a]lthough adversarial, the experience does not have to, and should not, be antagonistic or hostile."   Plaintiff hopes that defendant's attorney will not engage in behavior that brings discredit to the Bar and the courts.

4.    Importantly, the federal judges of the Southern District went on to say, at LR 2.1(a)(1), that "[c]ivility is paramount and not to be confused with weakness. Civility in action and words is fundamental to the effective and efficient functioning of our system of justice and public confidence in that system."

5.    Moreover, the federal judges of the Southern District went even further to say, in LR 2.1, that "[n]o one is above the law and, equally important, no one is entitled to act in such a way that erodes the public's trust in the administration of justice."

6.    The federal judges of the Southern District stated, at LR 2.1, that "[t]his court is committed to ensuring that all who work within it and come before it treat each other with decency, dignity, and respect."

7.    At LR 2.1(a)(3) the federal judges of the Southern District stated "[w]e expect lawyers to treat adverse witnesses, litigants and opposing counsel with courtesy, fairness and respect."

8.    Plaintiff is hopeful that "the court expects that all who practice in this court will adhere to this Code of Conduct in all of their interactions within the courts of this judicial district, in order to nurture, rather than tarnish, the practice of law."

9.    Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Synergy Finance, LLC, a California corporation ("SYNERGY FINANCE") and its owner, officer, sole member and Manager, Ryan Smith ("Ryan Smith"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone and landline home phones in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  Further, Defendants each violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing calls they made to Plaintiff without disclosing that such calls were being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.  This case involves more than one call in violation of the TCPA and CIPA.

10.    Synergy Finance, LLC is the agent of Ryan Smith because Ryan Smith has directed and controlled said entity, including the criminal acts violating 47 USC §501.

11.    Throughout the below listed paragraphs in this lawsuit, where the word "Defendants" is used and employed, it shall be and is intended to include Defendant Ryan Smith as an individual as well as in his capacity as the sole owner and officer of Synergy Finance, LLC  and Defendant Synergy Finance, LLC,  as the alter ego of Ryan Smith.  Synergy Finance, LLC is both the alter ego of Ryan Smith and the agent of Ryan Smith.

12.     Plaintiff received the following calls to Plaintiff's cellular telephone of 619-719-9640 from Defendants or from Defendant's hired and controlled agents at the specific direction of Defendant SYNERGY FINANCE:

      a.  Originating Number 917-387-4181 on 09/18/2020 at 12:25 PM

      b.  Originating Number 917-387-4181 on 09/18/2020 at 1:00 PM

    On each of the above listed calls, the telemarketing agents of Defendants stated that they were calling from SYNERGY FINANCE and attempting to sell Plaintiff a loan.

13.     Defendant Ryan Smith ordered and overtly directed his third party telemarketing agents that he hired and paid to robocall Plaintiff.  Ryan Smith knew he was using or directing the use of an ATDS and directed his telemarketing agents to use and employ an automatic telephone dialer (specifically a Vicidial dialer) to call Plaintiff repeatedly.

14.     Defendants have purposefully directed their activities into California by calling Plaintiff's 619 area code and by employing a web page that is able to be viewed California.

## II. JURISDICTION & VENUE

15.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when all calls are added up, exceeds the threshold required for federal court jurisdiction.

16.     The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims, including but not limited to California's Penal Code §637.2, *et seq*. and Civil Code §1770(a)(22)(A).

17.    This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

18.    This Court has personal jurisdiction over Defendants Synergy Finance, LLC and Ryan Smith because a substantial part of the wrongful acts alleged in this Complaint were committed in California and because SYNERGY FINANCE has significant contacts and assets in California.  For example, Synergy Finance, LLC and Ryan Smith made illegal telemarketing robocalls to Mr. Ewing, with area code 619, while he was in California.   Synergy Finance, LLC and Ryan Smith have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.    See 47 USC §501. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

19.    Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and because Defendants do business within the State of California and Plaintiff resides within the County of San Diego.

20.    Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

21.    The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). The plaintiff bears the burden of satisfying the first two prongs of this

specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

### III.  PARTIES

22.   Plaintiff, Anton Ewing. ("Plaintiff"), is an individual and resident in California.

23.   Defendant Synergy Finance, LLC is a vociferous robo-dialing telemarketer, and is a "person" as defined by 47 U.S.C. § 153 (39).

24.   The above named Defendant Synergy Finance, LLC, and its subsidiaries and agents, as well as Ryan Smith, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

25.   Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Defendants controlled every aspect of its agent's operations including the scripts to be read on each call and the fact that Defendant required its agent to record each telemarketing call.  Synergy Finance, LLC is and was, at all times relevant to this

20 CV

action, a knowingly and intentionally authorized and controlled agent of Ryan Smith.

## IV.  FACTUAL ALLEGATIONS

26.    On or about May 1, 2020, Defendants contacted Plaintiff on Plaintiff's telephone number ending in -9640, in an attempt to solicit Plaintiff to purchase Defendant's loan products.  There was also a very distinct bubble popping sound at the beginning of the call that indicates an ATDS was used to initiate and dial Plaintiff's telephone number that is itself registered on www.donotcall.gov since 2012.

27.    Defendant Synergy Finance is defaulted and defunct according to the Wyoming Secretary of State.  Synergy Finance is headquartered in New York.

28.    Plaintiff is suing for all calls made by SYNERGY FINANCE.  That is because the settlement agreement provides that if they breach the agreement to never call ever again, then they will be liable for all prior calls.  That is why Plaintiff hereby alleges and asserts a cause of action for each call in 2018, each call in 2019 and each call in 2020.

29.    Defendant Synergy Finance, LLC, is an entity formed in Wyoming on February 20, 2016 as Secretary of State ID number 2016-000707023.

30.    Defendant Synergy Finance, LLC used a "Vicidial" ATDS system to robodial Plaintiff on Plaintiff's cell phone to sell Plaintiff a medical device. SYNERGY FINANCE purchased, setup and activated the Vicidial system.

31.    Defendants are being sued for violating 47 USC §227(b)(1)(A), 47 USC §227(c)(5), California Civil Code[1] §1770(a)(22)(A) and PC §§632.7 and 637.2.

---

[1] Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and

20 CV

32.    Defendant Synergy Finance, LLC is located at 4 East 116th Street, New York, New York 10029 and 100 William Street, 7th Floor, New York, New York 10038.

33.    Synergy Finance is also known as Quick Access Capital.

34.    Ryan Smith is an officer of Defendant Synergy Finance, LLC

35.    Ryan Smith is an owner of Defendant Synergy Finance, LLC

36.    Synergy Finance, LLC does not have a California license to engage in the sale of loan products.

37.    Defendant has failed to obtain a bond as required of all telemarketing organizations in California and was sued in TCPA case 19-cv-01618 in Illinois.

38.    Synergy Finance, LLC is illegally doing business in California.

39.    Synergy Finance, LLC has failed to register as a telemarketer in California with the California Department of Justice.

40.    Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

41.    Synergy Finance, LLC exerts agency type control over their third party telemarketing lead source.

42.    Synergy Finance, LLC requires its lead source to ask certain questions of the prospective clients before the lead source can transfer the call to Synergy Finance, LLC employees.

43.    Synergy Finance, LLC began harassing Plaintiff on or about May 1, 2020 at which time Plaintiff expressly told Defendants to stop calling and to send a written copy of its Do Not Call policy.   Then Defendants called again and again over two

_____

either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

more times.  None of the Defendants has sent a written copy of their do not call policy.  All calls complained of in this lawsuit are within the four year statute of limitations.

44.     Plaintiff did not consent to, nor give permission for, the subsequent calls made by Defendants to Plaintiff.

45.     Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA.  The initial lead source always plays coy and will not divulge who they are or who they are working for.  That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5).

46.     Further, consent to be telemarketed on the phone must be in writing and signed by the person called.  Plaintiff did not sign any consent to be called.  In fact, SYNERGY FINANCE and Dovalina signed an agreement to never call Plaintiff ever again.

47.     Defendant Ryan Smith directly called Plaintiff on his DNC registered phone in violation of the TCPA.  That is a fact that will be proven at trial.

48.     The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Synergy Finance, LLC and Defendant Ryan Smith.

49.     Synergy Finance, LLC has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Synergy Finance, LLC and Ryan Smith, to change their ways.  To be clear, Plaintiff is suing Synergy Finance, LLC and Ryan Smith for the directly dialed calls and the calls made through their hired and controlled

telemarketing call center agents.

50.     Ryan Smith is conspiring with Synergy Finance, LLC to violate the TCPA and telemarketing California citizens and residents without advance written consent.

51.     Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its lending services.

52.     Defendants both contacted or attempted to contact Plaintiff from telephone numbers confirmed to be Defendant Ryan Smith's numbers.

53.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

54.     During all relevant times, Defendants both did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

55.     Further, Plaintiff's cellular telephone number ending in -9640 was added to the National Do-Not-Call Registry on or about February 16, 2012.

56.     Defendants placed multiple calls soliciting its business to Plaintiff on his telephone ending in -9640.

57.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

58.     Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

59.     Defendants continued to call Plaintiff on his telephone number -9640 in an attempt to solicit its services and in violation of the National Do-Not-Call

provisions of the TCPA.

60.    Plaintiff was harmed by the acts of all defendants in at least the following ways: Defendants illegally contacted Plaintiff via his telephone for solicitation purposes, thereby invading the privacy of Plaintiff whose telephone number was on the National Do-Not-Call Registry.  Plaintiff was concretely damaged thereby.

61.    Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

62.    Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

63.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

64.    The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

65.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

66.    47 USC §501 provides that it shall be unlawful to violate 47 USC §227(b).

67.    The term ATDS[2] as used and mentioned herein is as defined by the TCPA and by the 9th Circuit Court of Appeals in the recent Marks vs. *Crunch San Diego,*

---

[2] "we conclude that the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator."

20 CV

*LLC* case.  D.C. No 14-cv-00348 BAS BLM.

## V.  STANDING

68.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

69.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

A valid injury in fact;

which is traceable to the conduct of Defendants;

and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.___(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### The "Injury in Fact" Prong

70.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.).  For an injury to be "concrete," it must be a de facto injury, meaning

that it actually exists.  In the present case, Plaintiff was called on his phone at least five times by all Defendants.  In fact, Plaintiff expressly informed all Defendants to cease and desist from all future telemarketing on the very first call.  Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Each Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff had no prior business relationship with Defendant Ryan Smith prior to receiving the seriously harassing and annoying calls by Synergy Finance, LLC.   All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by both Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with either Defendant and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

### The "Traceable to the Conduct of Defendant" Prong

71.   The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone were placed either by Defendants directly, or by Defendant's agent at the express direction and control of all defendants.  See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

72.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by all defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief requests injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue all defendants on the stated claims.

73.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or

American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

74.     Here, Plaintiff alleges that Defendant Synergy Finance, LLC contacted him using a "telephone dialing system." This is insufficient standing alone, but as in *Charchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the person that initiated the calls. Second, the calls are solicitation advertisements: they advertise Defendant Synergy Finance, LLC's services for which Plaintiff has absolutely no use or interest. Third, Plaintiff declares that he has never heard of Defendant Synergy Finance, LLC, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone number to Defendant Synergy Finance, LLC or consented to receive calls from Defendants. Plaintiff also has had no prior business relationship with Defendants. Plaintiff had no reason to be in contact with Defendant Synergy Finance, LLC nor has he ever purchased any kind of product or service that they are selling. Plaintiff's allegations are sufficient to establish that Defendants used an ATDS in sending their solicitation messages illegally and in direct violation of the TCPA.

75.     In Plaintiff's case, the allegations establish that he did not give prior express consent. He declared that he was "the regular user and subscriber to the cellular telephone number at issue." He also declared that he has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from

[Defendant]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendants to send the solicitation messages, nor to use an ATDS.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

76.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

77.     The foregoing acts and omissions of all defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

78.     As a result of both Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

79.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

80.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

81.     The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple knowing and/or willful violations of the TCPA,

including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

82.    As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

83.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

84.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

85.    The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one  of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

86.    As a result of all Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

87.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

88.    Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-75.

89.     The foregoing acts and omissions of all defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

90.     As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

91.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

92.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

93.     The foregoing acts and omission of all defendants constitute numerous and multiple knowing and/or willful violations of CIPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

94.     As a result of all Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendants both owe Plaintiff $5,000 per call.

95.     Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit all defendants from illegally recording calls to Plaintiff ever again.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against all defendants for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to$1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)**

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

- As a result of all Defendant's wrongful acts, $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the calls that Defendants made to Plaintiff.

- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 18th day of September, 2020.

/S/ Anton Ewing

Anton Ewing, Plaintiff

Exhibit A

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10
11    ANTON EWING, et al.,                    Case No.:  18cv1455-LAB (JLB)
12                          Plaintiff,
                                              **FINDINGS AND ADMONITION**
13    v.                                      **TO PLAINTIFF**
14    OASIS MEDIA, LLC, et al.,
15                          Defendant.
16

17         After affording Plaintiffs Anton Ewing notice and an opportunity to be heard,

18    the Court found that although he had been repeatedly ordered to obey Civil Local

19    Rule 83.4 (concerning civility and professionalism), he repeatedly violated this rule.

20    Ewing was discourteous and unprofessional when communicating with opposing

21    parties and counsel; he disparaged their intelligence, ethics, and behavior; and he

22    acted in a manner detrimental to the proper functioning of the judicial system.

23         Although Ewing has usually proceeded *pro se*, he is a frequent litigant, and

24    represents to the Court that he has a J.D. from the University of Arizona College

25    of Law. Despite his having legal training, the Court has repeatedly had to remind

26    or order him to familiarize himself with various rules and to obey them.  He is not

27    in the same category as ordinary civil litigants whose unfamiliarity with applicable

28    rules is more excusable. *See Doe v. City of Los Angeles*, 2013 WL 6019121, at

1   *15 (C.D. Cal., Nov. 13, 2013); *Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317,

2   1323 (W.D. Wash., 2011). Although Civil Local Rule 83.4 refers to the duties of

3   attorneys, Ewing must treat it as applicable to him. He is **ORDERED** to read and

4   obey it. He is also **ORDERED** to read and obey Fed. R. Civ. P. 11.

5     Specifically, Ewing is **ORDERED** to be courteous and civil in all

6   communications with opposing counsel, parties, and third parties and to refrain

7   from disparaging their intelligence, ethics, or behavior. This includes making

8   accusations for improper purposes (such as to harass, delay, or embarrass) or

9   making any accusation without first confirming that it is accurate and supported by

10   evidence. *See* Fed. R. Civ. P. 11(b)(1) and (3). In filings in this Court, he is

11   **ORDERED** not to attach or quote from private correspondence or other private

12   communications (including letters, emails, texts, or phone calls) between himself

13   and other parties or counsel, except as specifically authorized under applicable

14   rules or laws, or permitted by judicial officers of the Court. He is **ORDERED** to

15   refrain from making misrepresentations to opposing counsel or parties.

16     Several documents Ewing provided to the Court showed that he misleadingly

17   used the designation "JD" after his name, followed by a disclaimer mentioning

18   privilege and confidentiality, and citing legal authority.[1] At the hearing, Ewing

19   represented to the Court that he had stopped using this designation and would not

20   resume doing so, and the Court takes him at his word. When communicating with

21   counsel, parties, or third parties in connection with litigation, Ewing is **ORDERED**

22

23

---

24   [1] Ewing offered the explanation that this was appropriate for his work as a tax

25   preparer. But the communications had nothing to do with tax preparation. In

26   context, this was likely to mislead recipients, especially non-lawyers, into believing

he was a lawyer. In one particularly egregious example, he did this when

27   discussing settlement with a non-lawyer. He inaccurately said the case was over

and had been resolved in his favor, apparently to convince his opponent to make

28   a quick payment.

1   not use the designation "JD" after his name or otherwise suggest that he is an

2   attorney.

3         For a period of 36 months from the date this order is issued, Ewing must file

4   a copy of this order along with any new pro se pleading he files in this District.

5

6         **IT IS SO ORDERED**.

7   Dated:  May 29, 2019

8

9                                          Hon. Larry Alan Burns

10                                       Chief United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18cv1455-LAB (JLB)

Exhibit B

Business Center

Online Services   Search

# DETAIL

RETURN TO YOUR SEARCH          FILE YOUR ANNUAL REPORT

Synergy Finance, LLC

This detail reflects the current data for the filing in the system.                                        Print

**Name**
Synergy Finance, LLC

**Filing ID**
2016-000707023

**Type**
Limited Liability Company - Domestic

**Status**                                                          **Fictitious Name**
Inactive - Administratively Dissolved (Tax)

**Sub Status**
Archived

**Initial Filing**
02/20/2016

**Standing - Tax**
Delinquent

**Standing - RA**
Good

**Standing - Other**
Good

**Inactive Date**
04/11/2017

**Term of Duration**
Perpetual

**Formed In**
Wyoming

**Principal Office**
4 E 116th St
New York, NY 10029
USA

**Mailing Address**
4 E 116th St
New York, NY 10029
USA

Additional Details

**Registered Agent:**
InCorp Services, Inc.
1910 Thomes Ave
Cheyenne, WY 82001 USA

**Latest AR/Year**
**AR Exempt**
**License Tax Paid**

History

| | |
|---|---|
| System Archive - 2019-002536226 | Date: 04/13/2019 |
| Dissolution / Revocation - Tax - 2017-002044245 | Date: 04/11/2017 |
| Delinquency Notice - Tax - 2017-002011318 | Date: 02/02/2017 |

RA Address Change - 2016-001901293                                    Date: 05/06/2016

Initial Filing - See Filing ID                                       Date: 02/20/2016

Public Notes

No Public Notes Found...

Parties

Geneva Gomez (Organizer)                                             Organization:
                                    Address:

# Exhibit C

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through September 17, 2020.

Selected Entity Name: SYNERGY FINANCE, LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | SYNERGY FINANCE, LLC |
| **DOS ID #:** | 4922018 |
| **Initial DOS Filing Date:** | MARCH 31, 2016 |
| **County:** | NEW YORK |
| **Jurisdiction:** | WYOMING |
| **Entity Type:** | FOREIGN LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

INCORP SERVICES, INC.
ONE COMMERCE PLAZA
99 WASHINGTON AVE, STE 805-A
ALBANY, NEW YORK, 12210-2822

**Registered Agent**

NONE

This office does not require or maintain information
regarding the names and addresses of members or
managers of nonprofessional limited liability
companies. Professional limited liability companies
must include the name(s) and address(es) of the original
members, however this information is not recorded and
only available by viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| MAR 31, 2016 | Actual | SYNERGY FINANCE, LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

# Exhibit D

 **Gmail**

Stark S <seoresearchdata@gmail.com>

---

## Anthony - Take full advantage of our promotion!!
2 messages

---

**Ryan Smith** <ryan@synergyfinancellc.com>
To: seoresearchdata@gmail.com

Fri, Sep 18, 2020 at 12:27 PM

Hello Anthony,

Thank you so much for giving me the opportunity to speak to you about the advantages that **Synergy Financial**, offer's to business owners like yourself. Just to recap, since we are a direct source of funds we are able to offer some of the lowest rates in the industry. The good news is based on your business profile you fit nicely into our business loan programs! Our programs offer very aggressive rates and terms specific to your industry. **Synergy Financial**s Business Loan Programs provide you with access to the cash you need to grow and succeed without restrictions on how the money is used.

- **Quick Funding**

- **No Collateral & Personal Guarantee is required**

- **No Obligation & Up-front cost**

- **Poor credit is not a barrier**

- **Flexible (Daily/Weekly/Monthly) Repayment Option**

- **Funding within 2 business days**

- **No need to change Credit Card processor**

It's easy to get started. Please complete the attached application and either fax or email it back to me. The following is all that is needed for approval and to receive an offer from us which will be valid for the next 30 days.

1. **Signed up Application**
2. **6 most recent Bank Statement (ALL PAGES)**
3. **Driver license**
4. **Voided check**

I will have approval numbers for you very quickly upon receipt of your application and your documents will be kept safe. Once I have an offer, we will contact you immediately to go over all the details. We appreciate the opportunity to provide you with the working capital to expand and grow your business. Should you have any more queries feel free to email me back or reach me at my direct line on **917-387-4181**. Hope to hear from you soon.



**Ryan Smith**
**Senior Funding Coordinator**
**T:** 888-808-3525 (Ext# 102) | **M:** 917-387-4181
**E:** ryan@synergyfinancellc.com
| www.synergyfinancellc.com





 Sender notified by
Mailtrack

 **Ryan Smith - USA.pdf**
414K

---

**Stark** <seoresearchdata@gmail.com>                                 Fri, Sep 18, 2020 at 12:33 PM
To: Ryan Smith <ryan@synergyfinancellc.com>

100 William Street 7th Floor New York,NY 10038 United States

I am going to sue you

[Quoted text hidden]

Get Accredited                           Consumer Login                           Business Login

 My BBB

Home > New York > New York > Factoring Service > Quick Access Capital

Better Business Bureau®



## Quick Access Capital

Factoring Service

📍 100 William Street 7th
Floor
New York, NY 10038-
5055

🌐 http://quickaccesscapital.
com

✉ Email this Business

📞 (347) 955-0055

| Accreditation | BBB Rating | Customer Reviews |
|---|---|---|
| THIS BUSINESS IS NOT BBB ACCREDITED | C- <br> Customer Reviews are not used in the calculation of BBB Rating | ★★★★★ <br> Average of 5 Customer Reviews |

### Customer Complaints

1 complaints closed in last 3
years
1 complaints closed in last 12
months

View Complaints Summary

## Customer Complaints

1 Customer Complaints

This website uses cookies to analyze traffic, assist with navigation, and improve your experience. You can learn more about our cookies in our Privacy Policy.

# Business Details

**Location of This Business**
100 William Street 7th Floor, New York, NY 10038-5055

✉ Email this Business

**BBB File Opened:** 4/27/2017
**Additional Contact Information**
Email Addresses

✉ Email this Business   *Primary*

# Business Categories

Factoring Service

# Local BBB

BBB Serving Metropolitan New York

More Info on Local BBB

BBB Business Profiles may not be reproduced for sales or promotional purposes.

BBB Business Profiles are provided solely to assist you in exercising your own best judgment. BBB asks third parties who publish complaints, reviews and/or responses on this website to affirm that the information provided is accurate. However, BBB does not verify the accuracy of information provided by third parties, and does not guarantee the accuracy of any information in Business Profiles.

When considering complaint information, please take into account the company's size and volume of transactions, and understand that the nature of complaints and a firm's responses to them are often more important than the number of complaints.

BBB Business Profiles generally cover a three-year reporting period. BBB Business Profiles are subject to change at any time. If you choose to do business with this business, please let the business know that you contacted BBB for a BBB Business Profile.

As a matter of policy, BBB does not endorse any product, service or business.

This website uses cookies to analyze traffic, assist with navigation, and improve your experience. You can learn more about our cookies in our Privacy Policy.

Exhibit E

# Synergy Financial Loan Application

**synergy FINANCIAL**

➡ **Account Manager: Ryan Smith, Direct Phone: 917-387-4181, Email: ryan@synergyfinancellc.com, Fax# 888-303-0299**

➡ If you are the sole owner applying for credit on behalf of your business and arerelying on your own income or assets as a guarantor and not the income or assets of another person, complete Owner Information (1) and omit Owner Information (2).

➡ If this is an application for joint owners applying for credit on behalf of your business, complete Owner Information (1) and (2).

## COMPANY INFORMATION

| | | |
|---|---|---|
| Legal Company Name: | Legal Entity:<br>☐ Corporation     ☐ LLC<br>☐ General Partnership   ☐ LLP<br>☐ Sole Proprietorship | Do you have an outstanding merchant cash advance?<br>☐ Yes, it is: $_____ |
| Doing Business As (DBA): | | |
| Tax ID: | | ☐ No |
| Physical Address (No P.O. Box): | Company Type / Industry:<br><br>State of Incorporation: | |
| City:    State:    Zip: | ☐ Rent    ☐ Own | |
| Company Phone: | Landlord Name: | |
| Business Inception Date: | Landlord Phone: | |

### REQUIRED FOR RECOMMENDED LOAN AMOUNT

| Gross Annual Business Revenue: | Average Bank Balance: | Monthly Credit Card Volume: | Loan Amount Requested: | Desired Loan Term: |
|---|---|---|---|---|
| $ | $ | $ | $ | Months: |

## OWNER INFORMATION

| | OWNER INFORMATION | | |
|---|---|---|---|
| First Name: | MI: | First Name: | MI: |
| Last Name: | | Last Name: | |
| Email: | | Email: | |
| Home Phone: | | Home Phone: | |
| Cell Phone: | | Cell Phone: | |
| Social Security Number: | | Social Security Number: | |
| Date of Birth: | | Date of Birth: | |
| Home Address (No P.O. Box): | | Home Address (No P.O. Box): | |
| City: | State: | City: | State: |
| Zip Code: | % Ownership: | Zip Code: | %Ownership: |

The Merchant and Owner(s)/Officer(s) identified above (individually, an "Applicant") each represents, acknowledges and agrees that (1) all information and documents provided to Representative including credit card processor statements are true, accurate and complete, (2) Applicant will immediately notify Representative of any change in such information or financial condition, (3) Applicant authorizes Representative to disclose all information and documents that Representative may obtain including credit reports to other persons or entities (collectively, "Assignees") that may be involved with or acquire commercial loans having daily repayment features or purchases of future receivables including Merchant Cash Advance transactions, including without limitation the application therefor (collectively, "Transactions"), and each Assignee is authorized to use such information and documents, and share such information and documents with other Assignees, in connection with potential Transactions, (4) Representative and each Assignee will rely upon the accuracy and completeness of such information and documents, (5) Representative, Assignees, and each of their representatives, successors, assigns and designees (collectively, "Recipients") are authorized to request and receive any investigative reports, credit reports, statements from creditors or financial institutions, verification of information, or any other information that a Recipient deems necessary, (6) Applicant waives and releases any claims against Recipients and any information-providers arising from any act or omission relating to the requesting, receiving or release of information, and (7) each Owner/Officer represents that he or she is authorized to sign this form on behalf of Merchant. A copy of this authorization may be accepted as an original. The term "Representative" shall mean any funding source looking to offer, make available, or provide to the Merchant access to loans or merchant cash advances based on such Merchant's future receivables or sales and/or structured with a periodic repayment feature.

**Signature (1)**

**Signature (2)**

**Date:**

Exhibit F

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RENEE ESTESE,

      Plaintiff,

v.

SYNERGY FINANCIAL PARTNERS INC
and DOES 1-20,

      Defendants.

Case No. 1:19-cv-1618

**CLASS ACTION COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, RENEE ESTESE ("Plaintiff"), by and through her attorneys, and

for her Class Action Complaint against the Defendants, SYNERGY FINANCIAL PARTNERS

INC and DOES 1-20 (collectively referred to below as "Defendants"), Plaintiff alleges and states

as follows:

**PRELIMINARY STATEMENTS**

1.     This is an action for damages, injunctive relief, and any other available legal or

equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.

§ 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or

willfully placing through its agent(s), automated sales, solicitation and/or other telemarketing calls

to Plaintiff's cellular telephone, in violation of the TCPA and its related regulations, specifically

the National Do-Not-Call Registry and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and

(d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as

to herself and her own acts and experiences, and, as to all other matters, upon information and

belief, including investigation conducted by her attorneys.

Exhibit G



**Wyoming Secretary of State**
State Capitol Building, Room 110
200 West 24th Street
Cheyenne, WY 82002-0020
Ph. 307.777.7311
Fax 307.777.5339
Email: Business@wyo.gov

Ed Murray, WY Secretary of State
FILED: 02/20/2016 09:14 AM
ID: 2016-000707023

# Limited Liability Company
## Articles of Organization

1. Name of the limited liability company:

Synergy Finance, LLC

2. This entity elects to be a close limited liability company: ☐

3. Name and physical address of its registered agent:
*(The registered agent may be an individual resident in Wyoming, a domestic or foreign entity authorized to transact business in Wyoming, having a business office identical with such registered office. **The registered agent must have a physical address in Wyoming.** A Post Office Box or Drop Box is not acceptable. If the registered office includes a suite number, it must be included in the registered office address.)*

Name: InCorp Services, Inc.

Address: 1621 Central Ave. Cheyenne, WY 82001

*(If mail is received at a Post Office Box, please include in the above address.)*

4. Mailing address of the limited liability company:

4 East 116th Street New York, NY 10029

5. Principal office address:

4 East 116th Street New York, NY 10029

Signature: *(Shall be executed by an organizer.)*          Date: 02/11/2016
*(mm/dd/yyyy)*

Print Name: Geneva Gomez

Contact Person: Geneva Gomez

Daytime Phone Number: (877) 777-0450     Email: filings@swyftfilings.com

*(Email provided will receive annual report reminders and filing evidence)*
*May list multiple email addresses*

LLC-ArticlesOrganization - Revised October 2014



**Wyoming Secretary of State**
State Capitol Building, Room 110
200 West 24th Street
Cheyenne, WY 82002-0020
Ph. 307.777.7311
Fax 307.777.5339
Email: Business@wyo.gov

## Consent to Appointment by Registered Agent

I, InCorp Services, Inc. , registered office located at
*(name of registered agent)*

1621 Central Ave. Cheyenne, WY 82001 voluntarily consent to serve

\* *(registered office physical address, city, state & zip)*

as the registered agent for Synergy Finance, LLC
*(name of business entity)*

I hereby certify that I am in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

Signature: _[signature]_ on behalf of InCorp Services, Inc.  Date: 02/05/2016
*(Shall be executed by the registered agent.)*                                                     *(mm/dd/yyyy)*

Print Name: Jackie DeFilippis   Daytime Phone: ( 800) 246-2677

Title: Authorized Representative   Email: Jackie.DeFilippis@incorp.com

Registered Agent Mailing Address
(if different than above):

**\*If this is a new address, complete the following:**

Previous Registered Office(s):

I hereby certify that:
- After the changes are made, the street address of my registered office and business office will be identical.
- This change affects every entity served by me and I have notified each entity of the registered office change.
- I certify that the above information is correct and I am in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

Signature: _____   Date: _____
*(Shall be executed by the registered agent.)*                      *(mm/dd/yyyy)*

Checklist
☑ Submit one **originally signed** consent to appointment and one exact photocopy.

RAConsent – Revised 12/11

# STATE OF WYOMING
## Office of the Secretary of State

I, ED MURRAY, SECRETARY OF STATE of the STATE OF WYOMING, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF ORGANIZATION

## Synergy Finance, LLC

Accordingly, the undersigned, by virtue of the authority vested in me by law, hereby issues this Certificate.

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **20th** day of **February**, **2016**.



Filed Date: 02/20/2016

Secretary of State

By: _____ Lance Cockrell

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS124334
Cashier ID: afuller
Transaction Date: 09/22/2020
Payer Name: Anton A. Ewing Trustee
-----------------------------------------
CIVIL FILING FEE
 For: Anton A. Ewing Trustee
 Case/Party: D-CAS-3-20-CV-001873-001
 Amount:        $400.00
-----------------------------------------
CHECK
 Check/Money Order Num: 1348
 Amt Tendered:  $400.00
-----------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```