FILED

JUN 0 7 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ AW _____ DEPUTY

Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640

Plaintiff In Pro Per

# UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Synergy Finance, LLC, A Wyoming limited liability company; and Ryan Smith, an individual,<br><br>Defendants. | Civil Case No. 20-cv-01873-AJB BLM<br><br>[*The Hon. Judge Anthony J. Battaglia*]<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b).**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Courtroom: 4A**<br>**Hearing Date: 4/15/2021**<br>**Time: 2:00 PM**<br><br>**NO ORAL ARGUMENT UNLESS ORDER BY THE COURT** |

20CV1873

# Table of Contents

PROCEDURAL HISTORY ........................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 6

RELEVANT FACTS ALLEGED IN THE COMPLAINT ........................................ 7

SUMMARY OF LEGAL ANALSYS ........................................... 8

EVIDENCE OF DEFENDANT'S PHONE NUMBER ................................................ 15

THREE FACTORS FOR AMOUNT OF DAMAGES.............................................. 16

CONCLUSION ........................................................................................... 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

20CV1873

1.     The memorandum of points and authorities is filed per ECF No. 16 filed on 6/4/2021.  Plaintiff is at a total loss to fathom how the below points and authorities were not contemporaneously filed with ECF No. 10, but Plaintiff sincerely thanks the Court for allowing him to file the P&A's now.  While Defendants will likely not respond even to this filing, if it pleases the Court, they should be given additional time to respond in the interests of justice and as a matter of due process.

2.     Plaintiff Anton Ewing ("Ewing") hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment, jointly and severally, against Synergy Finance, LLC,  (herein "Synergy Finance, LLC") and Ryan Smith  in the amount of $16,000 for violation of the TCPA, 47 USC §227(b)(1) and (c)(5), and CIPA, PC §632.7 and §637.2, invasion of privacy, and illegal recording.   Plaintiff also moves for costs of $400 for the court filing fees and $300 for services of process fees ($150 x 2 paid to ABC Legal).  In Complaint paragraph 12 at PageID.4, Plaintiff stated that he received 2 calls from Defendants from the telephone numbers listed therein on the dates and times shown.   2 violations x $3,000 per violation is $6,000.  Broken down more fully as: $1,500 for each willful violation of section 227(b)(1)(A) and $1,500 for each willful violation of section 227(c)(5).  *See* PageID.4.   In the alternative, Plaintiff respectfully moves the Court to enter default judgement as to liability only and thereafter allow Plaintiff, pursuant to FRCP 55(b)(2), to engage in very limited

20CV1873

discovery as to the amount of damages only.  Said discovery request is limited and restricted solely to taking the single deposition of the Defendant Ryan Smith for a maximum of two hours as provided in the Rules.  The only purpose of the deposition is to determine the exact number of calls made and text messages sent to Plaintiff by Defendants.  The deposition would be a very limited *duces tecum* and Defendant would be given at least 33 days advance notice.  This discovery request is not for interrogatories or requests for admissions.

3.      It appears that, pursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of default. *See Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 U.S. Dist. LEXIS 10112, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016)(collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action."); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (noting that the plaintiff was "granted leave to conduct discovery on the issue of damages" after the entry of default against the defendant); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788,790-91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in

default). *Oakley, Inc. v. Moda Collection, LLC*, No. SACV 16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, at *19-20 (C.D. Cal. June 9, 2016)

4.     As shown in Complaint paragraph 28, Defendant Synergy Finance has called Plaintiff previously and Defendant Synergy has previously signed a settlement agreement.  The agreement provides that if Synergy ever calls again, then Synergy will be liable for the calls made in 2018 and in 2019.

5.     The Court may also take judicial notice of case 19-cv-01618 in Illinois federal court.  The case name includes "Quick Access Capital" which is another DBA that Defendant uses.

6.     In additional to both of the willful violations of the TCPA under §227(b)(1) and (c)(5), please also plead for the $5,000 per call in California Penal Code section §632.7 and §637.2 for recording a call to a cellular without warning at the beginning of the calls.  See Complaint paragraph 92 to 95.   Two calls at $5,000 each for recording add $10,000 to the above calculated $6,000 for TCPA violations.  Plaintiff is requesting total monetary judgement of $16,000 plus injunctive relief as provided in CIPA and the TCPA.

## PROCEDURAL HISTORY

7.     On September 21, 2020, Plaintiff Anton Ewing initiated this action by filing a Complaint against Defendants Synergy Finance, LLC and Ryan Smith. (ECF No. 1). On October 28, 2020 and January 7, 2021, Plaintiff filed proof of service as to

the Complaint (ECF No 1) on each Defendant.   ECF No. 6 and No. 9 are the entry of default for each defendant.

8.      Plaintiff now files a motion for default judgment against Defendant Synergy Finance, LLC and Ryan Smith according to the allegations contain in the Complaint, which must now be taken as true and correct.   The factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set forth below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

9.      While the FBI and US DOJ would never actually prosecute someone for a Title 47 violation, it appears that it is a crime to violate 47 USC §501 by doing what has been made "unlawful" under 47 USC §227, that is, telemarketing with an ATDS.   No natural person can employ another person (legal or natural) to commit his crimes.   Ryan Smith did just that by setting up Synergy Finance, LLC to robo-dial Plaintiff.

10.      Defendant Ryan Smith knows what he is doing is wrong and illegal.   He is a scofflaw.   In that regard, Plaintiff is asking the Court to enter a permanent injunction against Defendant Ryan Smith and his Synergy Finance, LLC, as is expressly provided in both 47 USC §227(b)(3)(A) and 47 USC §227(c)(5)(A)  ("*an action based on a violation of the regulations prescribed under this subsection to enjoin such violation*").

20CV1873

11.     Respectfully, Defendant Ryan Smith knows that telemarketing with a robodialer to numbers registered on www.donotcall.gov is illegal.  He is just making way too much money to care about obeying the law by suckering poor people into thinking that Mr. Ryan Smith has the perfect solution to their loan and finance problems.

### RELEVANT FACTS ALLEGED IN THE COMPLAINT

12.     Paragraph 12 of the Complaint states that Defendants called Plaintiff from on September 18, 2020. Paragraph 13 also states that Defendants used an ATDS to make the call and there was a recorded message.  *See also* Complaint paragraphs 26, 30, 48, 49, 51, 54, 67, 70, 74, and 75.

13.     Paragraphs 12 of the Complaint states what phone number Defendant Ryan Smith called from and what number they dialed to.

14.     The California Department of Justice requires telemarketers to registered and post a $50,000 bond.  Defendants have failed to do this.   See Complaint paragraphs 37 and 40.

15.     The Complaint establishes a 47 USC §227(c)(5) violation because Plaintiff registered his phone more than 31 days prior to the offending calls.

16.     The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case.   Plaintiff put his phone number on www.donotcall.gov.  Plaintiff

20CV1873

was called with an ATDS by Defendant Synergy Finance, LLC.  Plaintiff was called by Ryan Smith with a prerecorded message each time.  Plaintiff's phone is a cellular phone, that is 619-719-9640.

17.    Plaintiff is requesting the Court to enter an injunction against defaulted Defendant Ryan Smith to prohibit him from violating the TCPA in the future.

## SUMMARY OF LEGAL ANALSYS

18.    Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6).  Allegations of damages must be proven. *See Geddes, 559 F.2d at 560.* "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

19.    "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a

20CV1873

dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

### a. Possibility of Prejudice to the Plaintiff

i. There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting default judgment.

### b. Merits of Plaintiff's Substantive Claim

i. Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiff argues he has stated a prima facie claim under the

TCPA for both a willful and a negligent violation as well as CIPA violations under PC §637.2 and §632.7.   See also Complaint paragraphs 15, 54, and 86.   The Fifth Cause of Action put Defendants on notice of the CIPA violations.

ii. Under the TCPA, Plaintiff must establish that (1) the phone calls were made using an automatic telephone dialing system ("ATDS"); (2) they were the "called party;" and (3) that defendant did not have Plaintiff's prior consent to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii. Under the first element, Plaintiff sufficiently alleged Defendants' calls to him were made using an ATDS. Regarding the second element, Plaintiff alleges he was the "called party" because the phone number Defendant dialed belonged to him. As for the last requirement, Plaintiff alleges he never gave Defendant consent to contact him and his number was on the Do Not Call list.   Thus, the Court should find Plaintiff pled sufficient facts to succeed on his TCPA claims.

c. **Sufficiency of the Complaint**

i.  "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. See *Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world). The $16,000 requested by Plaintiff is not unreasonably large given the scale of Defendant Ryan Smith's operations which is proven by the other class action lawsuit that has been filed against him. No TCPA case filed against them in the past has resulted in a win for Defendant.

**d. Sum of Money at Stake**

i.  It is squarely within the Court's sound and complete discretion to award treble damages or not. Plaintiff requests $1,500 in treble damages for the intentional or willful TCPA violations. "If

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 11

the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(C).  Here, Defendants' willfulness is clearly pled and their past acts against others who have filed TCPA actions against him is judicially noticeable.  Plaintiff alleges significant facts regarding Defendant's willfulness and intent.  The facts Plaintiff includes go to willfulness are the fact that his phone numbers was placed on the National Do Not Call Registry and multiple prior TCPA lawsuits against the same Defendant. Ewing clearly posts on his own web pages to not call.   While it is true that even a single, non-consented to phone call violates the TCPA, there must be something more than just the single call to constitute willfulness, otherwise every violation of the TCPA would be *per se* willful. Questions the complaint answers include whether Defendant had prior knowledge of the phone number's registration on the Do Not Call List and that Defendants had a duty to check.

ii.  One court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Authority Tax Services, LLC*, Civil No.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 12

13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). Here, Defendant Ryan Smith called Plaintiff at least two times. That court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii. Here, the Court should find enough in the complaint to support a finding that Defendant Ryan Smith acted willfully or knowingly violated the law. *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 2 phone calls without consent and while plaintiff's number was registered on the Do Not Call List).

**e. Possibility of a Dispute Concerning Material Facts**

20CV1873

i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff has alleged sufficient facts to support his claims as analyzed above. Moreover, because Defendants failed to participate in litigation, the clerk entered default against them, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendant.

**f.  If Default was Due to Excusable Neglect**

i. There is no indication that Defendants allowed its default to be taken as a result of excusable neglect.  After being served with the complaint, Defendants simply failed to respond or even participate in defending itself and himself.  The Court has nothing to support a finding that Defendant's neglect was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

**g.  Policy Favoring Decisions on the Merits**

i. Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendants takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendants have failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id*. In sum, the relevant considerations weigh in favor of entry of default judgment against both Defendants, jointly.

### EVIDENCE OF DEFENDANT'S PHONE NUMBER

20.   A standard practice of telemarketers is to use a rather simple telephone number ID spoofing application. Defendants have exactly done this. Spoofing is the act of deceptively faking another number for your own number on a caller ID of the recipient[1]. Further, sophisticated telemarketers, like this Defendant, often use junk or throw-away numbers from Googlevoice. Anyone can obtain dozens of linked phone numbers from Googlevoice in a matter of seconds, for free[2]. Telemarketers are getting more and more clever and cunning, just like

---

[1] And thus the phone bill as well.

[2] https://voice.google.com/signup  then pick a number from whatever location, enter cell number, confirm the PIN code that is sent via text and that is all it takes to become a spammer. The Court is encouraged to see how powerful and dangerous this technology is or how it could be used by telemarketers for harassing millions of Americans.

20CV1873

Defendant Ryan Smith.  Notwithstanding, Defendant Ryan Smith used the above stated numbers to call Ewing on the dates and times shown.  Each call contains or justifies $1,500 for violating §227(b) by using an ATDS; plus $1,500 for violating §227(c) for calling a DNC registered phone, or plus $1,500 for failure to send a written copy of the DNC policy after express request therefor, or plus $1,500 for failure to identify caller in the beginning of each call; plus $5,000 for the recording in violation of PC §637.2.

## THREE FACTORS FOR AMOUNT OF DAMAGES

The Court must address three issues when considering TCPA damages. *See, e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2 Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16, 2015) *adopted as modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS 44933, 2015 WL 1544229 (N.D. Cal. April 3, 2015). First, the Court must determine the number of TCPA violations the Plaintiff has established. *Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15; *Roylance*, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 at *9.  Here, Ewing established multiple violations under §§ 227(b) and (c).  Ewing establishes that each of the 2 calls that he received from Ryan Smith violated the TCPA's prohibition on automated telephone calls.  Ewing

20CV1873

also establishes **2** violations for failure to identify the caller[3] and 2 violations for

initiating a call without an internal do-not-call policy available upon demand.

 Ewing establishes that the calls were made in violation of the national do-not-call

list (registry) because he provides evidence that his number was on the list during

the relevant time (Ewing registered 619-719-9640 on 2/16/2012 – all were at least

31 days prior to the offending calls).

## CONCLUSION

**Wherefore,** the Court should grant Plaintiff's motion for default judgment in

the amount of $16,000 plus an injunction because the defaulted Defendants have

admitted to wrongdoing and default has been entered against them in this matter.

Additionally, Plaintiff has shown that each of the *Eitel* factors tip the scales of

justice toward entry of judgment as plead and proven.

Dated:  June 5, 2021

Anton Ewing
/S/ *Anton Ewing*
Anton Ewing, Plaintiff
Pro per

---

[3] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call. Defendants did not do this. Further, fraudulently disclosing that you are certified and licensed by Google is not a disclosure within the meaning of the TSR.

1

## Cases

*Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) ................................................................................................ 10

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ............................... 7

*Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ..................... 10

*Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 ............... 18

*Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 ............................. 18

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ................................................................................................ 10

*Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930 .......................................................................... 18

1

2

**PROOF OF SERVICE**

3

I, Anton Ewing, am over 18, a pro per plaintiff in this matter. I have filed this Motion for Entry of Default Judgment and had it served on Defendants as follows:

4

**3:20-cv-01873 AJB BLM Notice has been electronically mailed to:**

5

6

I have also emailed a copy of this document to Defendant directly at the email address he uses to communicate with me at:

7

8

Additionally I mailed this pleading, first class postage prepaid, to:

9

Synergy Finance, LLC
Ryan Smith

10

4 E. 116th St
New York NY 10029

11

12

All ECF users in this case have been served with a true and accurate copy via email.

13

14

I swear under penalty of perjury that the above was served as stated.
Dated:  June 6, 2021

15

/S/ Anton Ewing
Anton Ewing

16

17

18

19

20

21

22

23

24

25

20CV1873