

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANTON EWING,                          Case No.: 3:20-cv-01873-AJB-BLM

                                Plaintiff,
12
                                           **ORDER DENYING PLAINTIFF'S**
13   v.                                    **MOTION FOR DEFAULT**
                                           **JUDGMENT**
14   SYNERGY FINANCE, LLC, a Wyoming
     Limited Liability Company; and RYAN
15   SMITH, an individual,                 **(Doc. No. 10)**

16                              Defendants.

17

18       Before the Court is Plaintiff Anton Ewing's ("Plaintiff") motion for default

19   judgment against Defendants Synergy Finance, LLC, and Ryan Smith ("Defendants") for

20   alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.

21   §§ 227(b) and (c), and California's Invasion of Privacy Act ("CIPA"), California Penal

22   Code §§ 632.7 and 637.2. (Doc. No. 1.) For the reasons set forth below, the Court **DENIES**

23   Plaintiff's motion. (Doc. No. 10.)

24                      **I.    BACKGROUND**

25       Plaintiff filed his Complaint, claiming that Defendants violated the TCPA and CIPA

26   by making illegal telemarketing calls to Plaintiff. Plaintiff alleges that Defendants called

27   him at least two times using an automated telephone dialing system and recorded such

28   calls, without his consent.

1

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors, commonly referred to as the *Eitel* factors: (1) "the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citation omitted).

Generally, once the court clerk enters default, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## III.    DISCUSSION

Plaintiff requests the Court to grant his motion for default judgment for two calls that he alleges were in violation of the TCPA and CIPA, and seeks judgment in the amount of $6,000. (Doc. No. 14 at 3.) Dispositive here, under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo, Inc. v. Cal. Security Cans*,

1  238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). As more fully explained below, Plaintiff
2  failed to state either a TCPA or CIPA claim, and therefore **DENIES** Plaintiff's motion.

3  **A.    TCPA**

4  The TCPA makes it unlawful to use an automatic telephone dialing system
5  ("ATDS") without the prior express consent of the called party, to call any cellular
6  telephone. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). To sufficiently
7  allege a violation of the TCPA, Plaintiff must plead two elements: (1) a call to a cellular
8  telephone; (2) via an ATDS. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG NLS, 2013
9  WL 2252646, at *2 (S.D. Cal. May 22, 2013). Pertinently, the Supreme Court held in
10  *Facebook, Inc. v. Duguid* that the definition of an ATDS "requires that in all cases, whether
11  storing or producing numbers to be called, the equipment in question must use a random
12  or sequential number generator." 141 S. Ct. 1163, 1170 (2021). Equipment that does not
13  use a random or sequential number generator is not an ATDS within the meaning of the
14  TCPA. *Id.*

15  Here, Plaintiff claims that on May 1, 2020, Defendants contacted Plaintiff's
16  telephone to solicit him to purchase a loan, that he has no prior relationship with
17  Defendants, that Defendants "used a 'Vicidial' ATDS system," and that there was "a very
18  distinct bubble popping sound at the beginning of the call that indicates an ATDS was
19  used." (Doc. No. 1 at 7, 15.) The Complaint, however, is devoid of factual allegations that
20  establish or give rise to the reasonable inference that "Vicidial" is an equipment that stores
21  or produces numbers using a random or sequential number generator. *See Facebook, Inc.*
22  141 S. Ct. at 1170. Rather, Plaintiff cites and relies on *Marks v. Crunch San Diego, LLC*,
23  904 F.3d 1041 (9th Cir. 2018) for the proposition that "the statutory definition of ATDS
24  includes a device that stores telephone numbers to be called, whether or not those numbers
25  have been generated by a random or sequential number generator." (Doc. No. 1 at 11 n.2.)
26  That Ninth Circuit holding, however, was recently abrogated by the Supreme Court.
27  *Facebook, Inc.*, 141 S. Ct. at 1169. Considering that an ATDS must utilize a random or
28  sequential number generator, the Court finds that Plaintiff has failed to allege facts

3:20-cv-01873-AJB-BLM

sufficient to buttress his conclusory claim that Defendants used an ATDS. And while Plaintiff did plead that he has no reason to be contacted by Defendants, the same was true in the *Facebook* case, and apparently insufficient to infer that an ATDS was used. *Cf. id.* at 1164 (noting that the callee did not have an account with Facebook). Without more, the Court declines to find that Plaintiff has established this element of his TCPA claims. Accordingly, the Court finds that Plaintiff has not stated a legally sufficient claim under the TCPA, and **DENIES** Plaintiff's motion for default judgment on his TCPA claims.

### B.    CIPA

CIPA is California's anti-wiretapping and anti-eavesdropping statute and is designed "to protect the right of privacy." Cal. Penal Code § 630. The Act provides for a civil action for damages based on violations of section 632 which prohibits recording a "confidential communication" "intentionally and without the consent of all of the parties." *Id.*; Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation."). To state a claim for violation of § 632, the three elements that a plaintiff must plead are "(1) an electronic recording of (or eavesdropping on); (2) a 'confidential' communication; [where] (3) all parties did not consent." *Weiner v. ARS Nat'l Servs., Inc.*, 887 F. Supp. 2d 1029, 1032 (S.D. Cal. 2012) (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774–76 (2002)). Section 632(c) defines a "confidential communication" as including "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. Penal Code § 632(c). Excluded from protection are communications in "circumstance[s] in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Roberts v. Wyndham Int'l, Inc.*, No. 12CV5083, 2012 WL 6001459, at *5 (N.D. Cal. Nov. 30, 2012).

Here, Plaintiff claims that Defendants violated CIPA by illegally recording the telemarketing calls they made to Plaintiff without disclosing that such calls were being recorded. (Doc. No. 1 at 3.) Other than these generalized and conclusory statements, however, Plaintiff provided no facts to show, for example, that there was a recording of his

phone calls, how he knows there to be such recordings, and whether he had a reasonable expectation that the conversation was confidential. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's allegations amount to nothing more than legal conclusions which are not entitled to the presumption of truth. *See id.* Thus, Plaintiff's Complaint does not contain well-pleaded allegations of a CIPA violation. Accordingly, the Court finds that Plaintiff has not stated a legally sufficient claim under CIPA, and **DENIES** Plaintiff's motion for default judgment on his CIPA claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for default judgment against Defendants (Doc. No. 10), and **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED.**

Dated:  June 29, 2021

Hon. Anthony J. Battaglia
United States District Judge

3:20-cv-01873-AJB-BLM